UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTEN MENDEZ,<br>Plaintiff,<br>v.<br>DAWN HILL-KEARSE, *et al.*,<br>Defendants. | Case No. 2:26-cv-1774-DJC-JDP (PS)<br><br>ORDER TO SHOW CAUSE |

On July 28, 2026, I screened the complaint and dismissed it for failure to state a claim. ECF No. 3. I ordered plaintiff to file, within fourteen days, an amended complaint. *Id.* To date, plaintiff has not complied with that order.

The court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal. *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 841 (9th Cir. 2000); *see* Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."). A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

I will give plaintiff a chance to explain why the court should not dismiss the case for her

failure to file an amended complaint. Plaintiff's failure to respond to this order will constitute another failure to comply with a court order and will result in a recommendation that this action be dismissed.

Accordingly, plaintiff is ordered to show cause within fourteen days why this case should not be dismissed for failure to prosecute, failure to comply with court orders, and failure to state a claim. Should plaintiff wish to continue with this lawsuit, she shall file, within fourteen days, an amended complaint.

IT IS SO ORDERED.

Dated: September 1, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE